JOSIAH EMERY *versus* LUCIEN N. PRESCOTT & al.

Words in a declaration of libel, not in themselves libellous, are not enlarged or extended by an innuendo.

The words, to " carry the" plaintiff " back to Thomaston, where he came from," are not of themselves libellous.

Nor does the innuendo that Thomaston means " the State prison situated in the town of Thomaston, which place is known by the name of the town," unexplained by introductory matter, make the words actionable, which, without innuendo, would not be libellous.

ON EXCEPTIONS.

CASE, for publishing a libel against the plaintiff. In the first count, the libellous matter was alleged to be, — " It is said that when the conductor (meaning the conductor of the Androscoggin railroad,) turned the fellow (meaning the plaintiff,) up to the light, and found who it (meaning the plaintiff,) was, he (meaning said conductor,) at once issued orders to the engineer (meaning the engineer of a train of cars that run from Farmington to Lewiston on said day,) to steer straight for Thomaston, (meaning the town of Thomaston, in the county of Lincoln, in which town the

State prison is situated,) and carry that 'delegate' (meaning the plaintiff,) back where he (again meaning the plaintiff) came from." In the second count the words were, — " preparatory to the great mass convention at Auburn, last Saturday, extra trains were ordered on the Androscoggin road for carrying ' fifteen hundred' demi-Johnsons. A tremendous head of steam was put on at the start of the extra from Farmington with one delegate, (meaning the plaintiff,) ' all aboard,' hailing from the town of Industry, (meaning, &c.) It is said that when the conductor (meaning, &c.,) turned the fellow (meaning the plaintiff,) up to the light," &c., same as in the preceding count.

In the third count the words "steer straight for Thomaston" were followed by the innuendo ; " meaning the State prison situated in the town of Thomaston, which prison is known by the name of said town." The count concluded,— " thereby maliciously charging and insinuating that the plaintiff was then and there a convict, and had been sentenced to said prison for crime, and that said conductor, on board of said train of cars, ordered the plaintiff carried back to said prison."

The defendants demurred and the plaintiff joined. The presiding Judge sustained the demurrer, and the plaintiff alleged exceptions.

*H. L. Whitcomb*, for the plaintiff,

Cited 2 Greenl. on Ev., § 418 ; 6 Cush., 71 ; Oliver's Prec., 393 and cases *infra* ; R. S., c. 82, § 24 ; *Parkhurst* v. *Ketchum*, 6 Allen, 406 ; *Leonard* v. *Allen*, 11 Cush., 241 ; *Chapman* v. *Ordway*, 5 Allen, 593 ; 1 Hill. on Torts, 465 ; *Stone* v. *Varney*, 7 Met., 86 ; 6 Mass., 518 ; *Commonwealth* v. *Benner*, 9 Met., 410.

*Robert Goodenow*, for the defendants.

APPLETON, C. J.—The plaintiff has brought his action for an alleged libel in the following words ;—" Preparatory to ' the great mass convention' at Auburn, last Saturday, extra

trains were ordered on the Androscoggin road for carrying 'fifteen hundred' demi-Johnsons. A tremendous head of steam was put on at the start of the extra from Farmington, with one delegate, 'all aboard,' hailing from the town of Industry. It is said that when the conductor turned the fellow up to the light and found who it was, he at once issued orders to the engineer to steer straight for Thomaston, 'and carry that delegate' back where he came from."

It is claimed that these words are libellous, as charging the plaintiff with having been sent to the State prison at Thomaston for the commission of some crime. In the absence of any introductory matter by way of explanation, "carrying the delegate back" to Thomaston would be no more libellous than carrying him back to Industry. Nor does the innuendo that Thomaston means "the State prison situated in the town of Thomaston, which place is known by the name of the town," unexplained by introductory matter, make the words actionable, which, without innuendo, would not be libellous. An innuendo "is only explanatory of some matter already expressed; it serves to point out when there is precedent matter, but never for a new charge; it may apply what is already expressed, but cannot add to or enlarge or change the sense of the previous words." 1 Chitty on Pleading, 407; *Craft* v. *Boite,* 1 William's Saunders, 243 a, n. 4.

Upon its face, then, the libel contains no words charging the plaintiff with having been convicted and sent to the State's prison in Thomaston. It is sought by innuendo to make these words libellous, but, as has been seen, the authorities concur in the proposition that an innuendo cannot enlarge or alter the meaning of the words which constitute the alleged libel.

In the present case the words do not naturally convey the meaning imputed to them by the innuendo. Carrying a delegate back to Thomaston, no more means carrying him back to State prison in Thomaston than carrying him back to Brunswick or Augusta means carrying one back to the college in the former and to the Insane Asylum in the lat-

ter place. "If the libel or words do not naturally and *per se* convey the meaning the plaintiff would wish to assign to them, or are ambiguous and equivocal, and require explanation by reference to some extrinsic matter to show that they are actionable, it must be expressly shown that such matter existed and that the slander related thereto. * * When what is complained of in the declaration as a libel does not upon the face of it apply to the plaintiff and impute a libel, there must be an inducement stating such facts as will support an innuendo and show the libellous application of the statement to the plaintiff." 1 Chitty on Plead., 401. In *Angle* v. *Alexander*, 20 E. C. L., 71, the words were " he is a regular prover under bankruptcies;" meaning that the plaintiff was accustomed to prove fictitious debts under commissions. The declaration was held ill. " The innuendo," remarks TINDAL, C. J., " is larger than the natural meaning of the words; and the rule is, that an innuendo cannot enlarge the meaning of the words, unless it be connected with some matter of fact before expressly averred. * * Here, without an averment that it had been a practice with the defendant, by the words complained of, to impute the proof of fictitious debts under commissions of bankruptcy, the innuendo cannot be supported."

In the present case, the declaration has no reference to extrinsic matter and contains no introductory averments supporting the innuendo. " The innuendo cannot supply the omission of a necessary inducement of matter; and an innuendo introducing new facts, or otherwise than by reference to previous inducement, is fatally defective." 1 Chitty on Plead., 407; *Robinson* v. *Day*, 28 E. C. L., 151; *Goldstein* v. *Foss*, 13 E. C. L., 128; *Bloss* v. *Tobey*, 2 Pick., 320; *Com.* v. *Child*, 13 Pick., 198.

*Exceptions overruled.*

KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred.

WALTON, J. — I concur in the opinion of the Chief Justice, but desire to add that the argument of the plaintiff's

attorney, in which he calls his client's crime a "miss step," and his detection and sentence to the State prison "unfortu- nate," and any allusion to these facts "base and cowardly," and says that "it was the very fact of the plaintiff's having been in prison that his feelings would be wounded by such base and cowardly allusions," and "that men with the least regard for honor would feel an extreme delicacy in mak- ing any allusion to a subject of that kind," is exceeding- ingly unfortunate in not meeting or even alluding to the real difficulty under which his case labors. The question is not whether State prison convicts may rightfully claim to be treated with peculiar and "extreme delicacy," but whether the plaintiff's attorney succeeded in making a good writ. The Court is of opinion that he did not, and it is upon this point alone that the case is decided.